Filed 5/20/24 In re I.G. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re I.G., et al.,<br>Persons Coming Under<br>Juvenile Court Law<br>_____<br>LOS ANGELES COUNTY<br>DEPARTMENT OF CHILDREN<br>AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent<br><br>    v.<br><br>V.G.,<br><br>    Defendant and Appellant. | B326405<br><br>(Los Angeles County<br>S. Ct. No. 22CCJP04059A, B) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa A. Brackelmanns, Commissioner. Affirmed and remanded with directions.

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Peter Ferrera, Principal Deputy County Counsel for Plaintiff and Respondent.

_____

The juvenile court found on January 10, 2023 that a mother and father had physically abused their minor children Isaiah, then 5, and Isabella, then 8, by striking them with belts and sandals. Only the mother appeals.

The court removed the children from the father's custody and ordered them placed with the mother. The court found that the Department of Children and Family Services had not met its burden to show that the mother currently abused drugs and alcohol. On the record and in the order appealed from, the court struck an allegation that the mother had failed to protect the children from domestic violence by the father. The court, however, did not fully strike this allegation from the amended petition, and so we remand to correct this omission. We otherwise affirm.

## I

The mother and father did not get along. The court thought this was a "high conflict" case, which it certainly was. The court found the father to be the aggressor when it came to domestic violence, and on January 10, 2023, the court issued an order restraining the father from approaching the mother. The children were afraid of the father because of his temper. They felt differently about the mother, even though she too struck Isaiah and Isabella from time to time.

The Department received a report about the mother driving under the influence with children in the car. It assigned the case

to Christina Keyes, who interviewed Isaiah and Isabella at their elementary school.

Keyes observed that Isaiah did not have any visible marks or bruises, and he told her he gets plenty of food and clean clothes. But Isaiah stated when in trouble "[t]hey [the parents] give us the belt." "He stated both parents do so." According to Isaiah, they are spanked with the leather end, not the buckle, and they are spanked on their arms and legs. This happens when they get in "big, big trouble" and not all the time.

Isabella also did not have any visible bruises. She stated that she gets plenty of food, clean clothes and bedding, and she showers daily. According to Isabella, the mother takes care of her. When asked about marks and bruises from belt lashings, she replied that "Mom gets the belt" and "Legs leaves little bumps that get itchy." The last time she was hit with the belt was a couple of months ago for not listening. This does not happen all the time and only when their parents get really angry. The mother told Isabella that she wouldn't save her anymore and was going to let the father "do what he does best," which is hitting her with the belt. According to Isabella, the "skinny belt is super strong and sparkly. It doesn't leave marks, only the big belt does. It leaves some red spots and bruises on my legs."

II

On October 3, 2023, the juvenile court terminated jurisdiction, granting the mother sole legal and physical custody and the father supervised visitation. We grant the mother's request for judicial notice of these orders.

The Department contends the mother's appeal is moot and should be dismissed. According to the Department, the mother has failed to show how the court's jurisdictional finding would

prejudice her in a future dependency proceeding, and she merely "speculates that she might be prejudiced in a future proceeding."

A case is not moot if its finding "could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings." (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762, cited with approval but disapproved on other grounds in *In re D.P.* (2023) 14 Cal.5th 266, 282–283; *accord In re D.C.* (2011) 195 Cal.App.4th 1010, 1015 [case is not moot where mother contends the ruling would prejudice her in future proceedings].)

The father in this case has shown himself to be combative and ready to engage in abuse of his wife and children. It appears the mother has also had problems with alcohol and drugs. The minors are young and have many years until they reach adulthood. There may very well be future dependency proceedings in which the mother's history would be relevant. This is not speculation but, in light of the history of the mother's and father's relationship, a plausible eventuality.

In any event, we have inherent discretion to address an appeal even where the case is moot. (*In re D.P., supra,* 14 Cal.5th at p. 282.) This is so when there may be a recurrence of the controversy between the parties (*ibid.*), which is certainly a possibility in this case.

### III

"The standard of review in juvenile dependency cases is the same as in other appeals on grounds of insufficiency of the evidence. We review the record to determine whether there is any substantial evidence, contradicted or not, which supports the court's conclusions. 'All conflicts must be resolved in favor of the respondent and all legitimate inferences indulged in to uphold

4

the verdict, if possible.' " (*In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1649 [citation omitted].)  "The sum total of the above definitions is that, if the word 'substantial' means anything at all, it clearly implies that such evidence must be of ponderable legal significance.  Obviously the word cannot be deemed synonymous with 'any' evidence.  It must be reasonable in nature, credible, and of solid value; it must actually be 'substantial' proof of the essentials which the law requires in a particular case." (*Estate of Teed* (1952) 112 Cal.App.2d 638, 644.)

There is substantial evidence the mother struck the children.  Isaiah told Keyes that both parents struck him with a belt, and Isabella described the injuries she sustained from being struck.  Using a belt on a child can cause serious physical harm. (*In re Mariah T.* (2008) 159 Cal.App.4th 428, 438–439.)  The children gave their account at the initial interview when they spoke freely, as the court observed.  Their statements to Keyes were internally consistent, and the dependency court found them credible.

The mother's contentions to the contrary are without merit. The mother characterizes the court's finding about disciplining the children as based on her denial that she did so. This is not accurate.  The court's finding was based on Keyes' initial interview with the children.  "I think those statements were more reliable than the statements they made later. They do describe the physical abuse by both parents using objects such as belts and sandals, leaving marks.  This rises to the level of physical abuse, and I am sustaining those allegations."

The mother contends that the Department "did not provide substantial evidence the children suffered *serious* physical injury as a result of *mother's* discipline." (Italics in original.) The statute

does not require the infliction of serious harm but rather the "substantial risk" of serious future injury: "The child has suffered, o*r there is a substantial risk that the child will suffer,* serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian.  For purposes of this subdivision, a court may find there is a *substantial risk of serious future injury* based on the manner in which a less serious injury was inflicted, a history of repeated inflictions of injuries on the child or the child's siblings, or a combination of these and other actions by the parent or guardian that indicate the child is *at risk* of serious physical harm."  (Welf. & Inst. Code, § 300, subd. (a), italics added.)  In this case, the "manner in which a less serious injury was inflicted" was, in the mother's instance, recourse to a belt.  "Small children are not to be hit with hard objects, especially to the point of leaving black and blue bruises."  (*In re A.E.* (2008) 168 Cal.App.4th 1, 4.)  The mother's past use of a belt suffices to show her children faced the requisite risk at her hands.

Citing Welfare and Institutions Code section 300.2, the mother contends there is no substantial evidence that there was a "current" risk of harm to the children. During later interviews, the children retracted to some extent their earlier statements that the mother had struck them with a belt.  However, on appeal we disregard conflicting testimony and look only to the evidence supporting judgment.  (*Bancroft-Whitney Co. v. McHugh* (1913) 166 Cal. 140, 142.)  Substantial evidence shows the mother's actions created a risk of harm that was current as of the challenged rulings.

IV

The juvenile court denied the request to order the father to move out of the house as part of the restraining order, leaving it

6

to the family court to address this issue.  However, the family court apparently took no action on this subject.  The mother asks that we resolve this matter.

The restraining order can include an order directing the father to move out of the house, but we are not in a position to enter this order.  The determination of the father's residence requires familiarity with recent developments and the parties involved:  the father, the mother, and the children.  We will not disturb the court's order at this point, but the mother is free to renew her request to the juvenile court if she still seeks this relief and has not yet received it.

## DISPOSITION

We affirm the order.  We remand to direct the juvenile court to strike from the amended petition the phrase "and the mother's failure to protect the children" in line seven of the b-2 count, thus bringing this petition into conformity with the findings made on the record.

WILEY, J.

We concur:

STRATTON, P. J.

VIRAMONTES, J.

7